STATE of Missouri ex rel. Willie McPHERSON, Plaintiff-Respondent,

v.

UNITED BONDING INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 33429.

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Robert H. Blanke, University City, for defendant-appellant.

Maniscalco, Clancy & Pittman, Peter J. Maniscalco, Clayton, for plaintiff-respondent.

SMITH, Commissioner.

This matter reaches us on appeal from a summary judgment in favor of respondent-plaintiff and against appellant-defendant in the amount of $546.09 plus interest upon a bond on which defendant was surety.

The bond was filed pursuant to the Safety Responsibility Law (Ch. 303, RSMo 1959). It was executed March 26, 1968. The need for the bond arose because of an accident between plaintiff and Payton Strong. Judgment for plaintiff against Strong was entered on June 10, 1968, in Magistrate Court. Thereafter this action was brought to recover on the bond. The documents supporting the motion for summary judgment established the filing and identity of the bond, its execution by defendant, the Magistrate Court judgment, that the judgment was final and unsatisfied, and that demand and refusal had each been made. Defendant's motion to dismiss, denied by the trial court in the judgment rendered, and the plaintiff's motion for summary judgment present solely a question of law. Simply stated that question is whether this bond, which refers to a joint principal, may be enforced against the surety where judgment has been recovered against only one of the named joint principals. We hold it can be.

The bond provides as follows:

### "SECURITY BOND

### "MISSOURI MOTOR VEHICLE SAFETY RESPONSIBIL-ITY LAW

KNOW ALL MEN BY THESE PRESENTS, that we Eula Yates [1] and Payton Strong—jointly 2121 Division—St. Louis as principal, and UNITED BONDING INSURANCE COMPANY, a Corporation, organized under the laws of the State of Indiana having its principal office at 830 East 38th St., Indianapolis, Indiana, as Surety, are held and firmly bound unto the State of Missouri, in the penal sum of $545.00 Dollars ($545.00), lawful money of the United States, to be paid to the State of Missouri for the benefit of any person who shall recover a judgment against the principal for dam-

ages arising out of the accident hereinafter mentioned, for which payment, well and truly to be made, we hereby jointly and severally bind ourselves, our and each of our heirs, executors, and administrators, successors and assigns, jointly and severally, by these presents.

"The condition of this obligation is such that, whereas the said principal Eula Yates and Payton Strong, Jointly is required to deposit security as provided in the Motor Vehicle Safety Responsibility Law, House Bill 19, 67th General Assembly of the State of Missouri, as a condition to his right to operate a motor vehicle upon the Public Highways of Missouri, and, in conformity with the provisions of said Law.

"NOW, THEREFORE, if the said Eula Yates and Payton Strong, Jointly as Principal shall pay or satisfy any judgment or judgments rendered against him as a result of the Motor Vehicle accident occurring on or about September 16, 1967 in or near City of St. Louis, and involving W. McPherson, or in any case where such judgment is rendered upon a liability on account of the ownership, maintenance, use or operation of a motor vehicle, or motor vehicles, as a result of the motor vehicle accident herein referred to, provided, further, that such liability of the surety shall in no event exceed the amount of $545.00 Dollars, then this obligation shall be void, otherwise to remain in full force and effect: Provided, however, that if no such action at law is commenced within one year after the date of the accident herein referred to, or within one year after the date of the filing of this bond with the Director of Revenue of the State of Missouri, this bond shall be void and of no effect.

"IN WITNESS WHEREOF said principal and surety have caused this bond to

---

1. The record does not show who Eula Yates is, but the briefs of both parties identify her as the owner of the car. Payton Strong was the operator.

be duly signed and sealed this 26th day of March, 1968.

"(signed) Payton P. Strong
Principal

"(Signed) Eula Yates

"UNITED BONDING INSURANCE CO.

"by (Signed) Robert H. Blanke
Attorney-in-fact"

Defendant's contention is that its obligation under the bond comes into being only when a judgment has been recovered against both named principals. We note at the outset that the bond here involved is a statutory bond. By its express language it refers to the Safety Responsibility law and clearly reflects that it was filed to comply with the provisions of that law. It is the law of this state that when the parties execute a statutory bond they are chargeable with notice of all provisions of the statute relating to the obligation, and those provisions become a part of the bond as if included therein. Both principal and surety must take notice of those provisions. State ex rel. Jefferson County v. Sheible, Mo., 163 S.W.2d 559.

Section 303.030 [2] requires the Director of Revenue to determine the amount of security which shall be sufficient in his judgment to satisfy any judgment for damages resulting from an accident recovered against *each* operator *or* owner. The director is then required, except in certain situations not pertinent here, to suspend the license of the operator and the registration of the owner unless, " * * * such operator or owner or both shall deposit * * * " the security determined necessary by the director. Section 303.050 allows a single deposit of security only on behalf of persons required to furnish security because of the same accident. Section 303.060 provides that the security deposited shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made, " * * * for damages arising out of the accident in question in an action at law * * *."

The security required by this statutory scheme is for the benefit of any person who has recovered a judgment against either owner *or* operator arising from an accident. The authority to allow a single deposit by persons required to furnish security for the same accident is not based upon any theory of joint liability. It is based instead upon the theory that regardless of who may be liable, the injured or damaged party can only recover his damages once so a single deposit by two or more persons is adequate to protect him. The entire statute establishes the legislative concern, not with liability, but with damages. It is unimportant under the statute against which of the depositing parties the plaintiff recovers. It is the recovery of damages resulting from the accident which permits the injured party to collect the security deposited. The statute does not require judgment against both owner and operator and the authority of the director to prescribe the form of the bond does not authorize that official to require that judgment be obtained against both owner and operator. In Curtis v. Tozer, Mo.App., 374 S.W.2d 557 at 588 we stated: " * * * There are innumerable cases which hold that where a bond is given in pursuance of a statute, courts in enforcing the bond will read into it the terms of the statute which have been omitted, and will read out of it terms included which are not authorized or required by the statute. * * * " We hold that to the extent, if at all, the bond here requires that judgment must be obtained against both named principals before the surety's obligation to pay accrues, it goes beyond the requirements of the statute and to that degree the language of the bond must be disregarded. Plaintiff has a judgment against the operator of the vehicle for damages arising from the accident referred to in the bond. That judgment is

2. All statutory references to RSMo 1959 (V.A.M.S.).

unsatisfied. Plaintiff is entitled to judgment against the surety. The satisfaction of a judgment in favor of plaintiff was the purpose of the bond and unquestionably the intention of the parties in executing it and the director in accepting it.

In the view we have taken of the case it is unnecessary to consider the effect of Sections 431.110 through 431.140, or to discuss whether the bond as actually written supports defendant's interpretation of it. We also are, of course, concerned here only with the rights of the plaintiff against the surety, not with the rights of the surety against the principals or either of them, nor their rights between themselves.

■ Defendant also raises the contention that Sections 433.010 and 433.030 exonerate it from liability for failure of plaintiff to sue Eula Yates and join her as a party to the action. There is nothing in the record to show a written demand by the surety for such joinder as required by the statute, and we cannot treat defendant's motion to dismiss as such a demand, as defendant suggests we do. We therefore do not need to consider what effect, if any, those sections have on this statutory bond.

■ One correction must be made in the judgment. The maximum obligation of the surety under the bond is $545.00, and it is not subject to assessment of interest from the date of the Magistrate Court judgment against Payton Strong at which time the judgment was not final and no payment could have been required from the surety. The cause is remanded with directions that the judgment be modified to read "Judgment for plaintiff and against defendant in the amount of $545.00 with interest at six (6%) per cent per annum from November 20, 1968. Costs against defendant." As so modified the judgment is affirmed with costs of this appeal also taxed against appellant.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the cause is remanded with directions that the judgment be modified to read "Judgment for plaintiff and against defendant in the amount of $545.00 with interest as six (6%) per cent per annum from November 20, 1968. Costs against defendant." As so modified the judgment is affirmed with costs of this appeal also taxed against appellant.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.