**Danny E. WALKER and Reva A. Walker, Plaintiffs–Appellants,**

v.

**WESTERN SURETY COMPANY, a South Dakota Corporation, Defendant–Respondent.**

**No. 17702.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 27, 1992.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 10 and 20, 1992.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for plaintiffs-appellants.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendant-respondent.

PARRISH, Judge.

Danny E. Walker and Reva A. Walker (plaintiffs) filed an action in the Circuit Court of Greene County against Western Surety Company (defendant) seeking recovery on a certain surety bond issued by defendant. Plaintiffs filed a motion for summary judgment. Defendant filed a motion for judgment on the pleadings. The trial court granted the motion for judgment on the pleadings in favor of defendant and denied plaintiffs' motion for summary judgment. This court reverses and remands.

Plaintiffs entered into a contract with Clifford Mike Jones and Martha Delynn Jones for the purchase of a business owned by Mr. and Mrs. Jones. The contract was dated July 1, 1984. The business was identified in the contract as "the Mike Jones Auto Salvage Company, owned and operated by [Mr. and Mrs. Jones] at Simmons, Missouri, to include all of the salvage automobile [sic] and salvage automobile parts listed on the Bill of Sale attached [to] and made a part [of the contract]." The sale was closed by means of Mr. and Mrs. Jones delivering to plaintiffs a bill of sale that listed the items sold. Among the items identified on the bill of sale, as characterized in defendant's suggestions supporting its motion for judgment on the pleadings, were "172 pickup trucks and automobiles not described by identification numbers; the 'bodies' of 77 such vehicles; 2 'burned' vehicles." An addendum to the contract dated July 2, 1984, included a provision, "Sellers agree to furnish titles for all salvage automobiles for which they received a title, on or before January 1, 1985."

A judgment from the United States Bankruptcy Court for the Western District of Missouri in a case designated "Clifford Mike Jones and Martha Delynn Jones, Debtors," No. 89–60703–S–7–KMS, captioned "Danny E. Walker and Reva A. Walker, Plaintiffs, vs. Clifford Mike Jones and Martha Delynn Jones, Defendants," with a designation, "Adversary No. 89–6097–S," provides "that plaintiffs are entitled to have and recover judgment ... for the sum of $31,000.00, with interest from the date of this judgment at the rate of 9% per annum." The judgment recited that it arose by virtue of the failure of Clifford Mike Jones and Martha Delynn Jones "to properly transfer valid and effective title documents substantiating the plaintiffs' claimed ownership interest in and to salvage motor vehicles set forth and described within the general bill of sale executed by the parties." The judgment recited:

> Plaintiffs are entitled to proceed with such efforts as they deem appropriate to collect their damage claim substantiated by this judgment from any applicable surety bond made by defendant Mike Jones, if any, and to the extent otherwise allowed by law. Nothing herein shall be construed as a determination by this court of the liability or not of a surety or sureties for payment of the claim pursuant to this judgment.

It was entered March 20, 1990.

Plaintiffs filed this case June 14, 1991. The petition alleged that respondent caused a certain Missouri Motor Vehicle Dealer Bond, No. 58116168, to be issued in the amount of $25,000, effective January 1, 1985. It alleged that plaintiffs had entered

into a contract with the principal on the bond, Mike Jones, "for the purchase of a business *including certain automobiles,* which contract provided that seller, defendants' [sic] principal, Mike Jones, had until January 1, 1985 to furnish title to certain automobiles set forth within the contract on or before January 1, 1985." The petition stated that a copy of the contract was attached to it. It alleged that "[b]y reason of the failure of defendants' [sic] principal to properly deliver evidence of ownership and certificates of title, suit was instituted ... against Clifford Mike Jones, defendants' [sic] principal," in the bankruptcy court; that judgment had been entered in the bankruptcy court on March 20, 1990, awarding damages in the amount of $31,000 to plaintiffs with interest; that notice was given by letter to the "Executive Director of the Missouri Motor Vehicle Commission" of the judgment; that correspondence had been exchanged between the Missouri Motor Vehicle Commission demanding payment of the amount of the bond. Copies of correspondence that were addressed to defendant and that indicated they were from the Missouri Motor Vehicle Commission were attached to the petition. The correspondence asserted that, pursuant to "the provisions of § 301.560(4) R.S.Mo.," respondent was obligated to pay to plaintiffs "the full amount of the bond."

The petition in the trial court included a second count. The second count incorporated the allegations that were made in the first count. It sought, in addition to the relief requested in its "Count I," damages from respondent for "vexatious refusal to pay" as "authorized by § 375.402 R.S.Mo."

The statute upon which plaintiffs based their claim and pursuant to which the Motor Vehicle Commission advised defendant that it should pay plaintiffs' claim, "§ 301.560," was enacted in 1988, after the date the surety bond was issued and effective and after the date of the contract between plaintiffs and Mr. and Mrs. Jones. Also, the subsection cited in the petition, "§ 301.560(4)," is erroneous; however, it appears that plaintiffs intended to rely on § 301.560.1(4), RSMo Supp.1988. That statute became effective January 1, 1989. It required applicants "as a new motor vehicle

franchise dealer, a used motor vehicle dealer, a wholesale motor vehicle dealer, or boat dealer" to furnish with their application for licenses a corporate surety bond or irrevocable letter of credit, conditioned upon compliance with applicable Missouri statutes, as "an indemnity for any loss ... by reason of the acts of the person bonded when such acts constitute grounds for the suspension or revocation of his license." Although the statute upon which plaintiffs apparently intended to rely was not in effect at the time they entered into their contract with Mr. and Mrs. Jones, § 301.251.2, RSMo Supp.1984, that became effective January 1, 1985, contained essentially the same provisions. Section 301.251.2, RSMo Supp.1984, required applicants for registration as automobile dealers to submit a surety bond with their application for registration. The bond was to be in the sum of $25,000. Section 301.251.2 further required:

> The bond shall be in effect upon the applicant being registered and shall be conditioned upon his complying with the provisions of the statutes applicable to new motor vehicle franchise dealers, used vehicle dealers and to wholesale motor vehicle dealers, and the bond shall be an indemnity for any loss sustained by any person by reason of the acts of the person bonded when such acts constitute grounds for the suspension or revocation of his registration.

Plaintiffs' first two points on appeal will be discussed together in that they are related and afford the basis for disposition of this appeal. Plaintiffs assert that the trial court erred in denying their motion for summary judgment and in granting defendant's motion for judgment on the pleadings. By their first point, plaintiffs claim that there is no genuine issue as to material facts; that the record that was before the trial court disclosed that a prior judgment had been "rendered against defendant's principal for acts constituting grounds for suspension or revocation" of "defendant's principal's license." Plaintiffs assert that defendant was obligated to "pay the full amount of the bond under R.S.Mo. § 301.251." Plaintiffs contend by their second point on appeal that the trial

court erred in concluding, as a matter of law, that the bond issued by defendant was not intended to cover the type of transaction that plaintiffs and Clifford Mike Jones and Martha Delynn Jones entered into.

Plaintiffs submitted a copy of correspondence from the Executive Director of the Missouri Motor Vehicle Commission that had been directed to defendant.[1] That correspondence advised defendant that judgment had been rendered against "Mike Jones Auto Sales" and stated that it authorized defendant to pay the claim of Danny E. Walker and Reva A. Walker that was made against defendant's surety bond "# 58116168."[2]

Defendant, in its brief, points to the fact that its bond was "issued in obedience to statutes regulating a motor vehicle dealer's license." Defendant further asserts that the bond was directed to the business of one spouse, not both. From this, defendant claims that the trial court's action in granting the motion for judgment on the pleadings was not error.

Defendant attempts to raise an issue regarding the prior ownership of the property plaintiffs bought, the salvage business. Defendant asserts, based upon Missouri's doctrine that property owned by a husband and wife, jointly, is presumed to be owned as tenants by the entirety, that Clifford Mike Jones and Martha Delynn Jones owned the salvage business as tenants by the entirety. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shackelford*, 591 S.W.2d 210, 213 (Mo.App.1979). Under that form of ownership, each spouse owns an undivided interest in the whole of the property. *Id.* Defendant contends that since Martha Delynn Jones was not a principal on the bond in question, defendant was not her surety; therefore, the act of failing to transfer titles to automobiles that were part of the salvage business was conduct of both Mike Jones, defendant's principal, and his wife. Defendant concludes, without citing authority therefor, that "[a]s a matter of law, Respondent cannot be held liable for any conduct of Martha Delynn Jones." This court is not prepared to hold, on these facts, that the property sold was tenancy by the entirety property and that the form of property ownership of the debtors in question must defeat the obligation of the surety on this performance bond.

The ownership of any particular vehicle for which certificates of title were not provided cannot be gleaned from the pleadings or the record that was before the trial court. That record does not resolve the factual questions regarding who acted, or did not act, in failing to transfer certificates of title to motor vehicles, or whether the titles that were to be transferred were incidental to the sale of a salvage business or in conjunction with the operation of a business as a motor vehicle dealer.

Mike Jones was required to provide the bond in question because he was a registered motor vehicle dealer. If his surety is liable, that liability must accrue according to the terms of the bond construed in accordance with the statutory provision pursuant to which the bond was given. *See State ex rel. McPherson v. United Bonding Co.*, 446 S.W.2d 158, 161 (Mo.App. 1969). The bond, as required by § 301.-251.2, RSMo Supp.1984, imposes liability based upon actions taken or not taken by Mike Jones in the operation of the business of motor vehicle dealer. Defendant asserts that the liability evidenced by the judgment rendered against Mike Jones and Martha Delynn Jones in the Bankruptcy Court for the Western District of Missouri was based on a contract that "was not one solely for purchase of motor vehicles." Defendant

---

1. The last sentence of § 301.251.2, RSMo Supp. 1984, prescribes the method for securing payment under the terms of the bond required of motor vehicle dealers. It states:

   The proceeds of the bond shall be paid upon receipt by the director of a final judgment from a Missouri court of competent jurisdiction against the principal and in favor of an aggrieved party.

2. No issue is raised regarding whether a judgment in the bankruptcy court is a judgment of "a Missouri court of competent jurisdiction" for purposes of § 301.251.2, *supra*, n. 1. Interestingly, a similar provision in another statute in chapter 301, § 301.117.2, RSMo Supp.1984, that relates to surety bonds given for another purpose, refers only to a "judgment from a court of competent jurisdiction." As the question is not raised, this court need not, and does not, consider it.

claims that the judgment was based upon the sale of a salvage company that included salvage vehicles and other equipment and parts, not upon actions taken by anyone acting in the capacity of a motor vehicle dealer. This is a question of fact that is unanswered by the record that was before the trial court. It is unanswered by the face of the judgment that was entered in the bankruptcy court.

The bond upon which plaintiffs' lawsuit is based was one required by statute. The bond was to insure compliance by Mike Jones, as a motor vehicle dealer, with state statutes regulating the conduct of motor vehicle dealers.

Defendant also directs this court's attention to the fact that the statutes that regulate salvage dealers are separate and distinct from the statutes that regulate motor vehicle dealers. Section 301.218, RSMo Supp.1983, requires licenses in order to engage in the business of selling used parts or accessories for vehicles; of wrecking or dismantling vehicles for resale of their parts; of rebuilding wrecked or dismantled vehicles; and of processing scrapped vehicles or vehicle parts. Applications for licenses to operate those businesses are made separate from the registrations required of motor vehicle dealers. *See* § 301.219, RSMo Supp.1983. *Compare* § 301.251, RSMo Supp.1983. Licenses related to the operation of salvage businesses are subject to suspension and revocation based upon acts separate and apart from acts for which motor vehicle dealer registrations may be suspended and revoked. *Compare* §§ 301.223 and .257, RSMo Supp. 1983. Defendant, in contending that the summary judgment entered by the trial court should be affirmed, claims "that the bond sued on ... does not cover the conduct of the two of them as salvage dealers."

This court agrees with defendant's assessment regarding the applicability of the bond in question. However, whether or not the actions complained about are attributable to the business conducted by Clifford Mike Jones, or by him and his wife as a motor vehicle dealer or dealers or as salvage dealers, are questions of fact that are not resolved by the pleadings. They are genuine issues regarding facts material to plaintiffs' lawsuit. *See* Rules 55.27(b) and 74.04(c).

Having determined that there are genuine issues as to material facts, plaintiffs' first point is denied. Their second point, however, is well taken in that the record that was before the trial court did not support, as a matter of law, a determination that the bond issued by defendant failed to cover the type of transaction that was entered into by plaintiffs and Clifford Mike Jones and Martha Delynn Jones. Because the disposition of the appeal is governed by plaintiffs' second point, the remaining points raised are not discussed.

The trial court committed error in granting defendant's motion for judgment on the pleadings. No error was committed in failing to grant plaintiffs' motion for summary judgment in that there were genuine questions of fact relating to plaintiffs' lawsuit. The judgment on the pleadings is reversed, and this case is remanded for such further proceedings as may be required prior to trial and trial.

PREWITT, P.J., and CROW, J., concur.